USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/28/2026

akerman

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY 10020

D: 212 259 8740
T: 212 880 3800

philip.touitou@akerman.com

August 27, 2026

**VIA ECF AND E-MAIL**
Hon. Nelson S. Román, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601
Email: RomanNYSDChambers@nysd.uscourts.gov

Re: **Baharestani v. Mitchell P. Lieberman, Esq., et al.**
**Case No. 7:26-cv-04592-NSR**

Dear Judge Román:

We represent Defendants Mitchell P. Lieberman, Esq. ("Lieberman") and Lieberman & Lieberman, PLLC ("L&L") (collectively, "Defendants") in the above-referenced matter. Under Federal Rule of Civil Procedure 5.2(d), Section 6 of the Court's Electronic Case Filing Rules, and Sections 1.A and 4.A of Your Honor's Individual Practices, Defendants respectfully request leave to file under seal six exhibits Defendants intend to submit in support of their forthcoming motion to dismiss. Per the Court's endorsed order (ECF No. 16), Defendants' motion will be served on Friday, August 28, 2026 and filed on October 27, 2026.

MEMO ENDORSED

The Complaint in this action alleges claims under 42 U.S.C. § 1983 arising from an ongoing child custody proceeding between Plaintiff and his former spouse in Westchester County Supreme Court (the "Custody Action"). Compl. (ECF No. 1) ¶¶ 1–3 and 11–12. Defendants' motion to dismiss will refer to and attach selected documents fromthe Custody Action that were referenced in the Complaint or implicated by its allegations. Those documents are subject to the privacy protections of New York Domestic Relations Law ("DRL") § 235(1). DRL § 235(1) provides that a court officer "shall not permit a copy of any of the pleadings, affidavits, findings of fact, conclusions of law, judgment of dissolution, written agreement of separation or memorandum thereof, or testimony, or any examination or perusal thereof, to be taken by any other person than a party, or the attorney or counsel of a party, except by order of the court." Additionally, under Section 202.5(e)(1) of the Uniform Civil Rules for the Supreme Court of New York, parties filing papers in a civil action are obligated to "omit or redact confidential personal information," which includes "any of the documents or testimony in [. . . an action or proceeding for custody, visitation, writ of habeas corpus, child support, maintenance or paternity] protected by Domestic Relations Law section 235 or evidence sealed by the court in such an action which are attached as exhibits or referenced in the papers filed in any other civil action."

***See* Pg. 3**

The six exhibits that Defendants intend to file are documents that were subject to the requirements of DRL § 235(1) at the time of their creation or filing. Defendants seek leave to file

these exhibits under seal and to redact references to their content in Defendants' in their motion papers. The exhibits are:

1. Order to Show Cause to Vacate Attorneys' Fee Award (Mot. Seq. 21), dated August 28, 2025, a true and correct copy of which is attached hereto as **Exhibit 1**;

2. Order and Decision concerning the Fee Award (Mot. Seq. 21) and Notice of Appeal, a true and correct copy of which is attached hereto as **Exhibit 2**.

3. Transcript of proceedings before Justice Puerto dated August 15, 2025, a true and correct copy of which is attached hereto as **Exhibit 3**;

4. Transcript of proceedings before Justice Puerto dated October 10, 2025, a true and correct copy of which is attached hereto as **Exhibit 4**;

5. Transcript of proceedings before Justice Puerto dated October 15, 2025, a true and correct copy of which is attached hereto as **Exhibit 5**;

6. Order and Decision of Justice Amy S. Puerto dated July 7, 2025, and Notice of Appeal, concerning the disqualification of Defendants' counsel from the Custody Action, a true and correct copy of which is attached hereto as **Exhibit 6**;

Federal Rule of Civil Procedure 5.2(d) authorizes the Court to "order that a filing be made under seal without redaction." SDNY Electronic Case Filing Rule 6.6 sets forth the procedure for obtaining a sealing order in civil cases. The sealing of these exhibits is appropriate in light of the nature of the underlying Custody Action and narrowly tailored to the circumstances here. "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values [than the right of public access] and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal citation and quotation omitted).

DRL § 235 reflects a strong New York public policy favoring the confidentiality of child custody matters. The statutory privacy interest in protecting records of private matrimonial and custody proceedings from public disclosure constitutes a "higher value" sufficient to overcome the presumption of public access. *See Zappin v. Schorr*, No. 22-cv-2034 (ER), 2023 WL 2601578, at *13–14 (S.D.N.Y. Mar. 22, 2023) (granting motion to seal matrimonial documents filed in federal litigation, holding that "the privacy interests of [movant] and his family are strong" and are "codified and protected within DRL § 235").

The proposed sealing is also narrowly tailored: Defendants seek only to seal the six exhibits themselves that are or were at the time of their creation or filing subject to DRL § 235—the Custody Action—while filing publicly a redacted memorandum of law referencing their contents.

In accordance with Section 6 of the Court's ECF Rules and Sections 1.A and 4.A of Your Honor's Individual Practices, Defendants have publicly filed this letter motion via ECF and

emailed it to Chambers. Defendants will contemporaneously file the six exhibits under seal on ECF, electronically related to this motion, as well as email them to Chambers. Defendants will, if leave is granted, also file publicly accessible redacted versions of those portions of their memorandum of law that reference the content of the sealed exhibits.

For the foregoing reasons, Defendants respectfully request that the Court enter an order (1) granting Defendants leave to file under seal the six exhibits listed above; (2) granting Defendants leave to redact portions of their motion papers that reference the six exhibits' contents; (3) directing the Clerk of Court to maintain those exhibits under seal; and (4) directing that, absent further order of the Court, the Clerk shall deny access to the sealed exhibits to anyone except a party, counsel of record to any party, or a representative of counsel of record to any party.

Respectfully submitted,

AKERMAN LLP

By: *Philip Touitou*
Philip Touitou

cc: Mr. Steven Baharestani (via ECF and e-mail)
Encls. (six referenced exhibits)

**Defendants' request is GRANTED. Defendants may file under seal the six exhibits identified in their letter motion and may redact from their publicly filed motion papers references to the contents of those exhibits. The Clerk of Court is respectfully directed to maintain the six exhibits under seal, accessible only to the parties, counsel of record, and representatives of counsel of record, absent further order from the Court. The Clerk of Court is also respectfully directed to terminate the motions at ECF Nos. 18–19.**

**Dated: August 28, 2026**
**White Plains, NY**

SO ORDERED:

NELSON S. ROMÁN
United States District Judge